**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Francis Ree, Jr.,<br><br>          Petitioner,<br><br>vs.<br><br>Charles L. Ryan; et al.,<br><br>          Respondents. | No. CIV 13-746-TUC-RM (LAB)<br><br>**REPORT AND<br>RECOMMENDATION** |

Pending before the court is a petition for writ of habeas corpus filed on July 31, 2013, by John Francis Ree, Jr., an inmate confined in the Arizona State Prison Complex in Florence, Arizona. (Doc. 1) Ree claims various constitutional errors occurred prior to his guilty plea.

Pursuant to the Rules of Practice of this court, this matter was referred to Magistrate Judge Bowman for report and recommendation. LRCiv 72.2(a)(2).

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order denying the petition. Three of Ree's claims are not cognizable in habeas corpus. His lone cognizable claim is procedurally defaulted.

Summary of the Case

Ree pleaded guilty pursuant to a plea agreement to "possession of equipment for the purpose of manufacturing a dangerous drug" and to "manufacture of a dangerous drug." (Doc.

1  10-1 p. 15)  The trial court sentenced Ree to two terms of ten years' imprisonment to be served
2  concurrently.  (Doc. 10-1, pp. 20-21).

3  Ree filed a notice of post-conviction relief on August 29, 2011.  (Doc. 10-1, p. 24)
4  Appointed counsel was unable to find any meritorious issues, so the trial court gave Ree an
5  opportunity to file a petition pro se.  (Doc. 10-1, pp. 31-34)  Eventually, Ree filed a petition
6  acceptable to the trial court in which he argued (1) his state and federal constitutional rights
7  were violated, (2) the state presented false and misleading testimony to the grand jury, (3) he
8  was subject to an illegal search and seizure, (4) the trial court failed to conduct a *Curio* hearing,
9  (5) counsel was ineffective, (6) he was asserting all other rights available under Rule 32, and
10  (7) the record should be expanded.   (Doc. 10-3, pp. 31-38)  The trial court found only one of
11  Ree's claims cognizable in a Rule 32 proceeding – ineffective assistance of counsel.  *Id*.  This
12  claim, the trial court denied on the merits.  *Id*.

13  The Arizona Court of Appeals granted review but denied relief.  (Doc. 10-4, pp 17-20)
14  That court agreed that most of Ree's claims were not cognizable under Rule 32.1.  *Id*.
15  Moreover, even if they were cognizable, they were waived by Ree's guilty plea.  *Id*.  After a
16  plea, the only permissible claim would be one that attacks the validity of that plea, and none of
17  Ree's claims did that, not even his ineffective assistance claim.  *Id*.  The court found in the
18  alternative that if Ree had raised the validity issue properly, his claim would have been denied
19  on the merits because "the record before us establishes Ree entered the plea agreement
20  knowingly, voluntarily and intelligently. . . ."  *Id*.  Ree did not appeal to the Arizona Supreme
21  Court.  (Doc. 10, p. 4)

22  On July 31, 2013, Ree filed the pending petition for writ of habeas corpus.  He argues
23  (1) he was entrapped, (2)  the search warrant was unconstitutional and his *Miranda* rights were
24  violated, (3) false and misleading testimony was presented to the grand jury and (4) counsel was
25  ineffective resulting in Ree losing a more favorable plea.

26  The respondents filed an answer arguing all of Ree's claims are procedurally defaulted
27  or, in the alternative, waived.  (Doc. 10)  Ree filed a reply on December 4, 2013.  (Doc. 11)
28

Discussion

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). If the petitioner is in custody pursuant to the judgment of a state court, the writ will not be granted unless prior adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The petitioner must shoulder an additional burden if the state court considered the issues and made findings of fact.

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C.A. § 2254 (e)(1).

A decision is "contrary to" Supreme Court precedent if the "state court confronted a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrived at a result different from Supreme Court precedent." *Vlasak v. Superior Court of California ex rel. County of Los Angeles,* 329 F.3d 683, 687 (9th Cir. 2003). A decision is an "unreasonable application" if "the state court identified the correct legal principles, but applied those principles to the facts of [the] case in a way that was not only incorrect or clearly erroneous, but objectively unreasonable." *Id.* If the state court denied on the merits but did not explain its reasoning, this court must independently review the record to determine whether the state court clearly erred in its application of Supreme Court law. *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002), *cert. denied*, 539 U.S. 916 (2003). If the highest state court fails to explain its decision, this court looks to the last reasoned state court decision. *See Brown v. Palmateer,* 379 F.3d 1089, 1092 (9th Cir. 2004).

Federal habeas review is limited to those issues that have been fully presented to the state court. This so-called "exhaustion rule" reads in pertinent part as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State. . . .

28 U.S.C. § 2254(b)(1)(A). This rule permits the states "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (internal punctuation removed).

To be properly exhausted, the federal claim must be "fairly presented" to the state courts. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512 (1971). In other words, the state courts must be apprised of the issue and given the first opportunity to rule on the merits. *Id.* at 275-76. Accordingly, the petitioner must "present the state courts with the same claim he urges upon the federal courts." *Id.* "The state courts have been given a sufficient opportunity to hear an issue when the petitioner has presented the state court with the issue's factual and legal basis." *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999).

In addition, the petitioner must explicitly alert the state court that he is raising a federal constitutional claim. *Duncan v. Henry*, 513 U.S. 364, 366 (1995); *Casey v. Moore*, 386 F.3d 896, 910-11 (9th Cir. 2004), *cert. denied*, 545 U.S. 1146 (2005). The petitioner must make the federal basis of the claim explicit either by citing specific provisions of federal law or federal case law, even if the federal basis of a claim is "self-evident," *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999), *cert. denied*, 528 U.S. 1087 (2000), or by citing state cases that explicitly analyze the same federal constitutional claim, *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

If the petitioner is in custody pursuant to a judgment imposed by the State of Arizona, he must present his claims to the state appellate court for review. *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005), *cert. denied*, 546 U.S. 818 (2005); *Swoopes v. Sublett*, 196 F.3d 1008 (9th Cir. 1999), *cert. denied*, 529 U.S. 1124 (2000). If state remedies have not been exhausted, the petition may not be granted and ordinarily should be dismissed. *See Johnson v.*

*Lewis*, 929 F.2d 460, 463 (9th Cir. 1991). In the alternative, the court has the authority to deny on the merits rather than dismiss for failure to exhaust. 28 U.S.C. § 2254(b)(2).

A claim is "procedurally defaulted" if the state court declined to address the issue on the merits for procedural reasons. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). Procedural default also occurs if the claim was not presented to the state court and it is clear the state would now refuse to address the merits of the claim for procedural reasons. *Id.*

Procedural default may be excused if the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998). "When a petitioner's claims are procedurally barred and a petitioner cannot show cause and prejudice for the default, however, the district court dismisses the petition because the petitioner has no further recourse in state court." *Franklin v. Johnson*, 290 F.3d 1223, 1231 (9th Cir. 2002).

Discussion

In his first three claims, Ree argues (1) he was entrapped, (2) the search warrant was unconstitutional and his *Miranda* rights were violated, and (3) false and misleading testimony was presented to the grand jury. These errors may not be raised in a petition for habeas corpus.

"[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process." *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608 (1973). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Id*.

Here, Ree argues in his petition that constitutional error occurred prior to his guilty plea. These claims may not be raised in habeas corpus. *Id*.

In Claim 4, Ree argues trial counsel was ineffective such that his guilty plea was not valid. This claim is an exception to the *Tollett* rule and may be raised in habeas corpus after a guilty plea. *Id*.

Ree, however, did not raise this claim before the Arizona Court of Appeals. He did raise an ineffective assistance claim before that court, but that claim "did not connect counsel's allegedly deficient performance to negotiating the plea agreement, evaluating its favorablity, informing Ree about the terms of the plea agreement, [or] advising Ree to accept it." (Doc. 10-4, p. 19); *see* 28 U.S.C.A. § 2254 (e)(1). That claim, therefore, was different from the pending claim.

That is why the court of appeals found Ree's previous ineffective assistance claim waived but this court finds Ree's pending ineffective assistance claim permissible. Ree has reformulated his ineffective assistance claim in a way that makes it cognizable after a guilty plea. Ree's new formulation comes too late, however, because this court may not consider a claim that was not first presented to the court of appeals.

The pending claim for ineffective assistance of counsel was never presented to the Arizona Court of Appeals. It was not properly exhausted. Moreover, Ree may not return to state court and exhaust it now. *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002) ("If Beaty has any unexhausted claims, he has procedurally defaulted them, because he is now time-barred under Arizona law from going back to state court."). It is procedurally defaulted.

In his reply, Ree cites a myriad of cases touching on the issue of procedural default but fails to explain how any of them apply to his particular case. (Doc. 11) He states the general rule that ineffective assistance of counsel may excuse a procedural default, but he fails to explain how the rule applies to him. *Id*. The court finds Ree failed to present an argument as to why his default should be excused.

In the alternative, the court will assume Ree is arguing his default should be excused because his of-right post-conviction relief counsel was ineffective. Under certain circumstances counsel's ineffectiveness could constitute cause to excuse a default, but only if that counsel's ineffectiveness was raised as an independent claim before the state court. *Edwards v. Carpenter*, 529 U.S. 446, 452, 120 S.Ct. 1587, 1591 (2000) ("A claim of ineffective assistance . . . generally must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.") (punctuation modified); *Murray v. Carrier*,

477 U.S. 478, 488-489, 106 S.Ct. 2639, 2645 - 2646 (1986); *Ramon v. Ryan*, 2010 WL 3564819, 11 (D.Ariz. 2010). Here, it was not raised as an independent claim. Accordingly, it does not provide cause for his default. Moreover, Ree cannot show prejudice because, as the Arizona Court of Appeals held, Ree entered into his guilty plea "knowingly, voluntarily and intelligently." (Doc. 10-4, pp 19-20) He does not argue "that failure to consider the claim[] will result in a fundamental miscarriage of justice." *Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998). Ree's procedural default is not excused, and his claim must be denied.

## RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order Denying the petition for writ of habeas corpus. (Doc. 1)

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not timely filed, they may be deemed waived. The Local Rules permit a response to an objection. They do not permit a reply to a response.

DATED this 16th day of September, 2014.

_Leslie A. Bowman_
Leslie A. Bowman
United States Magistrate Judge