1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    John Francis Ree,                        No. CV-13-00746-TUC-RM

10                      Petitioner,           **ORDER**

11   v.

12   Charles L. Ryan, et al.,

13                      Respondents.

14         Pending before the Court is Petitioner's § 2254 Petition for Writ of Habeas Corpus

15   ("Petition") (Doc. 1).  The magistrate judge to whom this case was assigned issued a

16   Report and Recommendation (Doc. 17) that recommends denying the Petition.

17         A party may file objections to a magistrate judge's report and recommendation

18   within 14 days after being served with a copy of it.  28 U.S.C. § 636(b)(1)(C); *see also*

19   Rule 8(b) of the Rules Governing § 2254 Cases.  The district judge must "make a de novo

20   determination of those portions of the report or specified proposed findings or

21   recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C); *see also* Rule

22   8(b) of the Rules Governing 2254 Cases in the United States District Courts.  A review of

23   the record reflects that the parties have not filed any objections to the Report and

24   Recommendation and that the time to file objections has expired.  Therefore, the Court is

25   not required to review the magistrate judge's findings and recommendations *de novo*.

26   *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 ("the district judge must review the

27   magistrate judge's findings and recommendations de novo *if objection is made*, but not

28   otherwise." (emphasis in original)).

1    While 28 U.S.C. § 636 "does not require the judge to review an issue *de novo* if no

2    objections are filed, it does not preclude further review by the district judge, *sua sponte*

3    or at the request of a party, under a *de novo* or any other standard."  *Thomas v. Arn*, 474

4    U.S. 140, 154 (1985).  The Court "may accept, reject, or modify, in whole or in part, the

5    findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

6    The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure state

7    that, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no

8    clear error on the face of the record in order to accept the recommendation" of a

9    magistrate judge.  The Court will follow this approach and review the magistrate judge's

10   Report and Recommendation for clear error.  *See Prior v. Ryan*, 2012 WL 1344286, *1

11   (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and

12   Recommendation on § 2254 petition); *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739

13   (7th Cir. 1999) ("If no objection or only partial objection is made, the district judge

14   reviews those unobjected portions for clear error.").

15   After reviewing the record, the Court finds that the magistrate judge's report

16   correctly concludes that Petitioner's guilty plea precludes him from raising "independent

17   claims relating to the deprivation of constitutional rights that occurred prior to the entry

18   of the guilty plea."  *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  Petitioner "may only

19   attack the voluntary and intelligent character of the guilty plea by showing that the advice

20   he received from counsel was not within the standards set forth in *McMann* [*v.*

21   *Richardson*, 397 U.S. 759 (1970)]."  *Tollett*, 411 U.S. at 267.  "Counsel's failure to

22   evaluate properly facts giving rise to a constitutional claim, or his failure properly to

23   inform himself of facts that would have shown the existence of a constitutional claim,

24   might in particular fact situations meet this standard of proof."  *Id.* at 265-67.  "Thus,

25   while claims of prior constitutional deprivation may play a part in evaluating the advice

26   rendered by counsel, they are not themselves independent grounds for federal collateral

27   relief."  *Id.* at 267.  Accordingly, the Court adopts the portion of the magistrate judge's

28   report recommending dismissal of the first three counts of the Petition and will dismiss

those counts to the extent that they raise independent claims of constitutional deprivations that occurred prior to the entry of Petitioner's guilty plea.  For the reasons discussed below, however, the Court will not, at this point in time, dismiss the portions of those counts that allege ineffective assistance of counsel.

The magistrate judge's report recommends dismissing the fourth count of the Petition as procedurally defaulted.  In this count, Petitioner alleges that he lost the opportunity to accept a more favorable plea agreement because his trial attorney failed to answer a telephone call from him on the last day given by the state for accepting the plea.[1]  The Court agrees with the magistrate judge that Petitioner failed to present this claim to the state court and that it is now procedurally defaulted.  The Court finds, however, that the magistrate judge erred in concluding that Petitioner had to present an independent claim for ineffective assistance of postconviction counsel to the state court in order to assert the ineffectiveness of postconviction counsel as cause for the procedural default of his claim of ineffective assistance of trial counsel.

In *Edwards v. Carpenter*, 529 U.S. 446 (2000), the Supreme Court held that an ineffective assistance of *trial counsel* claim asserted as cause for the procedural default of another claim of constitutional error may itself be procedurally defaulted if not presented to the state courts as an independent claim.  Unlike a claim of ineffective assistance of trial counsel, however, a claim of ineffective assistance of *postconviction relief counsel* cannot be raised as a freestanding constitutional claim, as "[t]here is no constitutional right to an attorney in state post-conviction proceedings."  *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *see also Martinez v. Ryan*, 132 S. Ct. 1309, 1318-19 (2012) (holding that the ineffectiveness of postconviction relief counsel may, under certain circumstances, establish cause for the procedural default of a claim of ineffectiveness of trial counsel, but that the ineffectiveness of postconviction relief counsel cannot be raised as "a freestanding constitutional claim").  Because ineffective assistance of

---

[1] As discussed below, Count Four of the Petition also alleges ineffective assistance of trial counsel on other grounds.

1   postconviction counsel cannot be raised as a freestanding constitutional claim, it was

2   erroneous for the magistrate judge to conclude that Petitioner had to raise the

3   ineffectiveness of postconviction counsel as an independent claim in state court in order

4   to assert, in federal habeas proceedings, the ineffectiveness of that counsel as cause for

5   the procedural default of his ineffective assistance of trial counsel claim.

6        Typically, an "attorney's negligence in a postconviction proceeding does not

7   establish cause" for a procedural default. *Martinez*, 132 S. Ct. at 1319. In states such as

8   Arizona, however, where claims of ineffective assistance of trial counsel can be raised for

9   the first time in postconviction proceedings (rather than on direct appeal), a procedural

10  default "will not bar a federal habeas court from hearing a substantial claim of ineffective

11  assistance at trial if, in the initial-review collateral proceeding, there was no counsel or

12  counsel in that proceeding was ineffective." *Id.* at 1320. Here, as in *Martinez*,

13  Petitioner's appointed postconviction relief counsel was unable to find any meritorious

14  claims, and thus Petitioner filed his petition for postconviction relief *pro se*. If *Martinez*

15  applies, and if Petitioner can establish (1) that his postconviction counsel was ineffective

16  under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984), and (2) that his

17  underlying ineffective assistance of trial counsel claim is a substantial one, then he may

18  be able to overcome the procedural default of his ineffective assistance of trial counsel

19  claim. *See Martinez*, 132 S. Ct. at 1318. Petitioner's Reply to Respondents' Limited

20  Answer, while inartful, might be construed as raising a *Martinez*-type argument. (*See*

21  Doc. 11 at 6 ("Ineffective assistance of appellate counsel may constitute cause for state

22  procedural default for purposes of habeas corpus review.")). Therefore, the Court will

23  not dismiss the fourth count of the Petition at this point in time.

24       Both Respondents and the magistrate judge treated the Petition as asserting only

25  one claim of ineffective assistance of trial counsel. "Prisoner *pro se* pleadings are given

26  the benefit of liberal construction." *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010)

27  (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Construed liberally, the Petition

28  alleges multiple bases for ineffective assistance of counsel claims. Though only a single

count of the Petition is characterized as an ineffective assistance claim, the first two counts of the Petition might be construed as including allegations of ineffective assistance of counsel.   In the first count, Petitioner appears to allege that his trial counsel was ineffective in pressuring Petitioner to accept a guilty plea instead of pursuing an entrapment defense.   In the second count, Petitioner appears to allege that his trial counsel was ineffective in advising Petitioner to accept a guilty plea instead of going to trial and challenging evidence obtained pursuant to an allegedly unconstitutional search warrant and challenging testimony obtained during an interrogation allegedly infected by a *Miranda* violation.   Furthermore, the fourth count of the Petition does not allege ineffectiveness solely on the grounds that counsel allegedly caused Petitioner to lose the opportunity to accept a more favorable plea agreement.   Petitioner also alleges in count four that his trial counsel falsely promised him he would obtain clemency and thus only serve half of his sentence if he pleaded guilty.   Additionally, Petitioner complains that his trial counsel assured him not to worry about a second criminal case filed against him but then allowed the state to use the case to persuade Petitioner to plead guilty in the case at hand.

Respondents' Limited Answer to Petition for Writ of Habeas Corpus does not address the impact of *Martinez* on the procedural default of Petitioner's claim that trial counsel was ineffective in allegedly preventing Petitioner from accepting a more favorable plea agreement.   The Court will therefore order supplemental briefing on the issue of how *Martinez* affects the procedural default of that claim.   The supplemental briefing shall also address the procedural status of the other allegations of ineffective assistance of trial counsel contained in the Petition.

Accordingly,

**IT IS HEREBY ORDERED** as follows:

1.  The portion of the magistrate judge's Report and Recommendation (Doc. 17) that recommends dismissing the first three counts of the Petition is accepted and adopted, and the first three counts of the Petition (Doc. 1) are dismissed with

prejudice to the extent that they allege independent claims of constitutional errors that occurred prior to Petitioner's guilty plea. The portions of the first two counts of the Petition that might be construed as alleging ineffective assistance of trial counsel will not be dismissed at this time.

2. The Court declines to adopt the portion of the magistrate judge's report that recommends dismissing the fourth count of the Petition. The fourth count of the Petition will not be dismissed at this time.

3. On or before **November 20, 2014**, Respondents shall file a supplemental brief addressing the impact of *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), on the procedural default of Petitioner's claim that trial counsel was ineffective in allegedly preventing Petitioner from accepting a more favorable guilty plea. Respondents shall include with their supplemental brief all portions of the record necessary to determine whether this claim is "substantial." Respondents' supplemental brief shall also address the procedural status of the other allegations of ineffective assistance of trial counsel contained in the Petition.

4. Petitioner shall file a response to Respondents' supplemental brief no later than **December 4, 2014**. No reply will be permitted absent leave of Court.

Dated this 5th day of November, 2014.

Honorable Rosemary Márquez
United States District Judge