IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Francis Ree, | No. CV-13-00746-TUC-RM |
| Petitioner, | **ORDER** |
| v. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

The Court previously issued an Order (Doc. 18) partially adopting Magistrate Judge Leslie A. Bowman's Report and Recommendation (Doc. 17). In the Order, the Court requested supplemental briefing concerning the impact of *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), on the above-entitled case. After review of the supplemental briefing and further review of the record, the Court finds that *Martinez* is inapplicable because Petitioner had a constitutional right to counsel during his of-right post-conviction review proceeding. In Arizona, a defendant who pleads guilty in a non-capital case waives his right to a direct appeal, and Rule 32 proceedings become the sole available avenue for exercising the defendant's constitutional right to appellate review. *Arizona v. Pruett*, 912 P.2d 1357, 1359-60 (Ariz. App. 1995). Therefore, such a defendant "is constitutionally entitled to the effective assistance of counsel in his first petition for post-conviction relief." *Id.* at 1360.

Because Petitioner had a constitutional right to counsel during his of-right post-conviction review proceeding, Judge Bowman's Report and Recommendation correctly

1  concluded that Petitioner needed to present the alleged ineffectiveness of post-conviction
2  counsel as an independent claim to the state courts before he could use it to establish
3  cause for a procedural default of his claim of ineffective assistance of trial counsel. *See*
4  *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000). Petitioner failed to present a claim of
5  ineffective assistance of post-conviction review counsel to the state courts. The Report
6  and Recommendation correctly concluded that Petitioner has not established cause and
7  prejudice or a fundamental miscarriage of justice to excuse his procedural default.
8  Accordingly,

**IT IS ORDERED** that the Magistrate Judge's Report and Recommendation (Doc. 17) in now **adopted in full**.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is **denied** and this case is **dismissed with prejudice**. The Clerk of the Court is directed to enter judgment accordingly and close this case. Upon review of the record in light of the standards for granting a certificate of appealability, the Court concludes that a certificate shall not issue because the resolution of the Petition is not debatable among reasonable jurists. *See* 28 U.S.C. §2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Dated this 18th day of June, 2015.

Honorable Rosemary Márquez
United States District Judge